WRIGHT, J.
The case made in the bill is in substance this, that the complainant was tenant in common with the defendant in one hundred and thirty-six acres of land, on which were a house, barn, and orchard. In 1825, the parties made a verbal partition of the land by running a line north and south, giving to the defendant about forty acres, including the improvements, and to the complainant, the remaining ninety-six acres unimproved. The parties ^took possession of their respective portions, agreed to exe- [714 cute deeds of release, made a partition fence on the line, and have ever since held accordingly. The forty acres being yet without additional improvement, though the complainant has greatly improved the ninety-six acres. The complaint is, that the defendant now refuses a release, and claims the partition was not permanent; the prayer is for a release and for general relief.
The defendant admits the tenancy in common, that a partition was made, a fence erected, possession taken accordingly and since held, and that the complainant has improved his part. He denies agreeing to release or refusing one, and -avers thq partition was only of the improved land, and that the possession followed the -partition; that the unimproved land was left for further partition; he claims that the division was an unequal one.
The main points in controversy, are admitted by the parties— the tenancy, the partition, the erection of a division fence, and the possession and enjoyment by the parties under the partition for about nine years. It is also conceded that the complainant has *740 cleared and otherwise improved his part, without objection. The limitation which the defendant sets up to the partition being new matter, he is bound to prove. The weight of the proof is with the complainant, that the improvements were made without objection under a partition of the whole land. This is irreconcilable with the claim of the defendant, as is the fact that a very few acres of the improved land fell to the complainant in the partition. We think also the partition was unequal, in favor of the complainant; but not so grossly so, as without proof of fraud, after an acquiescence of nine years, to call upon the court to set it aside and make a new one. The land must be run out, and releases decreed,, according to the original partition.
[Deed by tenant in common of part by metes and bounds; Dennison v. Foster, 9 O. 126, 130.]